UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STANLEY COOPER | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16cv00400(JAM) |
| vs. | : | |
| DANIEL ABT | : | |
| Defendant | : | MARCH 29, 2016 |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

The plaintiff, Stanley Cooper, hereby submits the following memorandum of law in support of his motion to remand. As discussed herein, this case should be remanded to the Connecticut Superior Court, Judicial District of New Haven. The defendant's removal of this action was not proper because this Court does not have original jurisdiction over the plaintiff's claims. Furthermore, this Court lacks subject matter jurisdiction.

### I. FACTUAL BACKGROUND

The present action arises from a slip and fall incident which occurred on May 25, 2014 while the plaintiff was employed as the Dock Master at Harbor One Marina in Old Saybrook, Connecticut. The plaintiff was injured while attempting to assist the defendant in docking his (defendant's) 48 foot boat into a slip. Due to a storm front that had moved into the area, the defendant required the plaintiff's help in maneuvering the boat into the slip. (Complaint, ¶¶ 8, 13.) The plaintiff was injured when a stern line he was pulling on suddenly let go, causing him to fall backward and strike his head and back on the dock. (Complaint, ¶

15.) As a result of his fall, the plaintiff suffered serious and painful injuries including, *inter alia*, fractured cervical discs at Levels C-1 and C-6, fractured thoracic discs at Levels T-2 and T-3, and a deep laceration to the top of his head. (Complaint, ¶ 17.)

The plaintiff instituted the present action by way of a Complaint, dated February 10, 2016, which was returnable to the Connecticut Superior Court, Judicial District of New Haven. The Complaint consists of a single Count, alleging common law negligence against the defendant. Specifically, the plaintiff alleges that his injuries, losses and damages were caused by the negligence of the defendant in that:

a. the stern line thrown to plaintiff CHIP COOPER was not properly secured to a cleat or other appropriate fixture on the boat;

b. defendant ABT failed to inspect the stern line prior to allowing it to be thrown to plaintiff CHIP COOPER to ensure that it was properly secured to the boat;

c. defendant ABT failed to warn plaintiff CHIP COOPER that the stern line in question was not properly secured to the boat;

d. defendant ABT allowed the stern line to be fastened to the boat in such a manner that it would let go if it was pulled from the end opposite the boat;

e. the passenger/crew member of defendant ABT's boat was allowed to secure the stern line to the boat when both defendant ABT and the passenger/crew member knew that the passenger/crew member did not have the requisite knowledge and experience to properly secure the stern line to the boat;

f. defendant ABT failed to instruct the passenger/crew member as to the proper method of securing the stern line to the boat; and

g. defendant ABT failed to supervise the actions of the passenger/crew member, thereby allowing the passenger/crew member to throw an improperly secured stern line to plaintiff CHIP COOPER.

(Complaint, ¶ 16.)

Despite the fact that the plaintiff's claim was not brought in admiralty, and there is no diversity of citizenship, the defendant removed this action to the Connecticut District Court on March 9, 2016. As stated herein, the removal of this action to Federal Court was improper, and, therefore, should be remanded to the Connecticut Superior Court.

**II. LAW AND ARGUMENT**

Federal Courts are Courts of limited jurisdiction. U.S. Const. art. III, § 2. See also Deutsche Bank Nat. Trust Co. v. Doe, 2010 U.S. Dist. LEXIS 117479, 2010 WL 4683923, at *4 (D. Conn. Nov. 4, 2010). A defendant may remove "any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). District Courts of the United States have original jurisdiction over (1) all civil actions arising under the Constitution, laws, or treaties of the United States, and (2) all civil actions where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1331; 28 U.S.C.A. § 1332(a); see also Deutsche Bank, 2010 U.S. Dist. LEXIS 117479, 2010 WL 4683923, at *4 (discussing requisites for removal).  "[I]n light of the congressional intent to restrict Federal Court jurisdiction, as well as the importance of preserving the independence of state governments, Federal Courts construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208 (2d Cir. Jan. 9, 2013) (citations omitted; internal quotation marks).  "Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)

As stated in the Notice of Removal, the defendant removed this action "pursuant to 28 U.S.C. § 1441(a) pursuant to the District Court's Admiralty Jurisdiction." (See Document No. 1, p. 1.) In other words, it is the defendant's position that removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the present action. The purported basis of this Court's original jurisdiction is 28 U.S.C. § 1333(1), which provides as follows:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*.

28 U.S.C. § 1333 (emphasis supplied). However, 28 U.S.C. § 1333(1) does not confer original jurisdiction upon this Court. Indeed, the Supreme Court has held that claims in admiralty are separate and distinct from federal questions encompassed in 28 U.S.C. § 1331, and thus do not fall under the ambit of federal question jurisdiction. Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 378, 79 S. Ct. 468, 3 L. Ed. 2d 368 (1959) ("When we apply to the statute [28 U.S.C. § 1331], and to the clause of Article III from which it is derived, commonsensical and lawyer-like modes of construction, and the evidence of history and logic, it becomes clear that the words of that statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction.") The Second Circuit Court of Appeals has also specifically held that "[c]ommon law maritime cases filed in State Court are not removable to Federal Court, due to 28 U.S.C. § 1333's 'saving to suitors' clause." Pierpoint v. Barnes, 94 F.3d 813, 816 (2d Cir. 1996). The Federal Courts have routinely recognized that the "saving to suitors' clause" of 28 U.S.C § 1333(1),

highlighted above, prevents the removal of a maritime action that, such as the present case, seeks a state law remedy.

The Court, in Speranza v. Leonard, 925 F. Supp. 2d 266, 269 (D. Conn. 2013) (Bryant, J.) addressed this exact situation. In Speranza, the plaintiff's decedent was a passenger on the defendant's boat and was caused to be thrown overboard and killed when the boat encountered rough seas. The plaintiff brought suit in Connecticut Superior Court, personally and as the administrator of the decedent's estate, and alleged claims of wrongful death, common law negligence, unseaworthiness and loss of consortium. The defendant removed the action to Federal Court, asserting, *inter alia*, that the removal was proper pursuant to 28 U.S.C. § 1441(a) because the plaintiff's claims sounded in admiralty. The Speranza Court rejected this assertion, and remanded the case to State Court, holding that the savings clause of 28 U.S.C. § 1333(1) "prevents a defendant from removing a maritime action seeking a state law remedy even if the plaintiff could have brought the action in Federal Court under admiralty jurisdiction." Speranza, supra, 925 F. Supp. 2d at 270. Since the Speranza plaintiff's state law claims "were properly brought in State Court based on the concurrent jurisdiction of the State Courts over admiralty claims," the defendant's removal was not proper. Id. at 270.

In J. Aron & Co. v. Chown, 894 F. Supp. 697 (S.D.N.Y. 1995), the Court considered a motion to remand a breach of insurance policy claim which initially could have been brought in Federal Court as an admiralty action, but which originated in State Court as a common law claim. In granting the motion to remand, the Court reasoned as follows:

> [Under the "saving to suitors clause" of 28 U.S.C. § 1333(1)] plaintiffs with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction

5

> may either avail themselves of federal admiralty jurisdiction or sue at law in state court… The effect of this election is to characterize the plaintiff's claim either as a claim at common law or a claim in admiralty. If the plaintiff elects to characterize his claim as one at common law by commencing an action in state court under the Saving to Suitors Clause, this characterization of the claim will not be affected by subsequent removal of the action.

Id. at 699 (citation omitted; internal quotation marks omitted). The Chown plaintiff's election to commence the action "as a common law action in State Court forever prevents the Federal District Courts from obtaining admiralty jurisdiction…" Id. The Chown Court therefore determined that it did not have subject matter jurisdiction over the action, and remanded to State Court. Similarly, in Kurkomelis v. Goldenbaum, 1990 WL 156145 (E.D.N.Y. August 21, 1990), an action commenced in State Court as a tort action, which had been removed on the sole basis of admiralty jurisdiction, was remanded one year after removal, despite the plaintiffs' failure to timely object to removal. The Court reasoned that "[i]t is beyond question that a Federal District Court cannot maintain jurisdiction over an action commenced as a state law tort claim absent diversity between the parties or some other basis of federal jurisdiction… Removal does not transform a case; it merely, as the term suggests, 'removes' it. When we receive an action from the State Court, we take it in the form in which it was commenced. Removal is not some magical potion that can transform a proceeding into something other than the case the State Court received upon commencement." Id. at *4-5. Stewart v. Atwood, 834 F. Supp. 2d 171, 178 (W.D.N.Y. 2011) (Plaintiff brought claim in New York State Court alleging personal injuries suffered while a guest on the defendant's boat. Defendant removed the action to Federal Court on the ground of admiralty jurisdiction. Court remanded the action because plaintiff "elected to sue only pursuant to New York

common law, negligence, in State Court, as permitted by the 'saving to suitors' clause, thereby depriving this Court of admiralty jurisdiction and barring its removal.")

As the case law cited above makes clear, there is no basis for the removal of the present action. Mr. Cooper elected to bring this action in State Court as a common law negligence claim, not as an admiralty claim. The plaintiff's decision to proceed in this manner "forever prevents the Federal District Courts from obtaining admiralty jurisdiction," and the defendant's removal of this action does not alter the character of the plaintiff's claim. Chown, supra, 894 F. Supp. at 699. As a result, this Court does not have original jurisdiction over the plaintiff's claim as required for the removal of an action under 28 U.S.C.A. § 1441(a). Furthermore, this Court does not have subject matter jurisdiction over the present matter, which is state common law claim between parties who are not diverse.

## III.   CONCLUSION

For the reasons stated herein, this Court is without jurisdiction, and the present matter should be remanded to the Connecticut Superior Court, Judicial District of New Haven.

>
> Respectfully submitted,
> FOR THE PLAINTIFF,
> STANLEY COOPER
>
>
> By:_____/s/_____
> Timothy W. Donahue (Fed. Bar No. ct04339)
> DONAHUE, DURHAM & NOONAN, P.C.
> 741 Boston Post Road, Suite 306
> Guilford, CT 06437
> Tel.: (203) 458-9168
> Fax: (203) 458-4424
> Email: tdonahue@ddnctlaw.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 29th day of March, 2016 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                   /s/
                                               Timothy W. Donahue, Esq.